**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Lynn Eddinger,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-23-00120-TUC-RCC<br><br>**ORDER** |

On December 11, 2023, Magistrate Judge Jacqueline M. Rateau filed a Report and Recommendation ("R&R") recommending that the Court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand this matter to the agency for further proceedings. (Doc. 21.) The Magistrate Judge informed the parties they had 14 days to file written objections to the R&R and an additional 14 days to respond. (*Id.* at 28.) Defendant filed a timely objection on December 19, 2023 (Doc. 22). Plaintiff did not respond.

**I.    Standard of Review**

The standard a district court uses when reviewing the recommendation of a magistrate judge depends on whether or not a party objects; where there is no objection to a magistrate judge's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only discusses the facts to the extent necessary to address the objections.

## II.    Magistrate's R&R

The Magistrate Judge recounted Plaintiff's extensive mental health medical history between 2018 and 2021. (Doc. 21 at 1–10.) On review, Plaintiff raised two issues: (1) "that the [Administrative Law Judge] ALJ failed to properly evaluate and weigh the medical opinion of record" and (2) "that the [Residual Functional Capacity] RFC is not supported by substantial evidence . . . ." (*Id.* at 11.) The Magistrate Judge agreed with the first issue and declined to reach the second. (*Id.*) The Magistrate Judge reasoned that the ALJ failed to adequately explain how he considered either the "supportability" factor, "consistency" factor, or both when weighing the opinions from Dr. Christiansen, Dr. Rohen, and Nurse Practitioner ("NP") Budd. (*Id.* at 16–26.)

### (a) Dr. Christiansen

The Magistrate Judge concluded that the ALJ failed to articulate his findings as to the supportability of Dr. Christiansen's opinion, and that such failure was error. (*Id.* at 17.) Furthermore, the Magistrate Judge found that the ALJ exaggerated when he determined that Dr. Christiansen's opinion was "wholly consistent" with the treatment notes from COPE that Plaintiff showed "significant improvement." (*Id.* at 18.) The Magistrate Judge highlighted that, while COPE noted some improvement, they also noted that Plaintiff was still suffering from hallucinations. (*Id.*) Accordingly, the Magistrate Judge concluded that "[t]he ALJ's finding that the COPE treatment notes 'reflect a significant improvement' is a broad generalization that lacks the nuanced approach to the evaluation of mental health

conditions that *Garrison* [*v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)] requires." The Magistrate Judge also reasoned that the ALJ "should have considered Eddinger's testimony that while her medications reduce her hallucinations, she still experiences hallucinations weekly and that the frequency of her hallucinations increase with her stress level." (*Id.* at 19.) The Magistrate Judge therefore concluded that there was not substantial evidence to support the ALJ's weighing of Dr. Christiansen's opinion. (*Id.*)

### (b) Dr. Rohen

Plaintiff presented three reports from Dr. Rohen. First, the Magistrate Judge determined that the ALJ failed to comment on the consistency factor when he assessed Dr. Rohen's 2009 report and instead summarily found that the report was "remote and unpersuasive for the period at issue." (*Id.* at 20.) The Magistrate Judge explained that the fact "that Dr. Rohen's 2009 report was generated prior to the alleged onset date fails to speak to the 2009 report's consistency with the evidence of record from other medical and nonmedical sources." (*Id.*) She ultimately concluded that the ALJ's determination as to the persuasiveness of Dr. Rohen's 2009 report was not supported by substantial evidence. (*Id.* at 21.)

Second, the Magistrate Judge examined how the ALJ considered Dr. Rohen's reports from August 2020 and December 2020. (*Id.* at 21–22.) The Magistrate Judge explained that, in finding that the reports were "partially persuasive," (AR 26) the ALJ "did not explain which of Dr. Rohen's opinions he found persuasive and which opinions he did not find persuasive." (*Id.* at 22.) Moreover, the Magistrate Judge concluded that the ALJ conflated supportability and consistency in his assessment of Dr. Rohen's 2020 reports. (*Id.* at 23.) Specifically, the ALJ said that Dr. Rohen's reliance on Plaintiff's subjective accounts of her hallucinations is "not supported by the longitudinal treatment records" but, the Magistrate Judge emphasized, supportability looks at evidence within that specific medical opinion, not at evidence from the record as a whole. (*Id.* at 22.) Therefore, the Magistrate Judge reasoned that the ALJ's assessment of Dr. Rohen's 2020 reports was not supported by substantial evidence. (*Id.* at 23.)

**(c) NP Budd**

The Magistrate Judge reviewed the ALJ's conclusion that NP Budd's 2021 Medical Source Statement was "not fully persuasive." (*Id.*) She first found that the ALJ erroneously failed to comment on the supportability of the opinion. (*Id.* at 23–24.)

The Magistrate Judge further concluded that the consistency determination was not supported by substantial evidence. (*Id.* at 24–26.) Specifically, the Magistrate Judge explained that the ALJ erred in finding NP Budd's opinions about Plaintiff's limitations due to her hallucinations and anxiety were inconsistent with COPE records showing improvement in Plaintiff's symptoms. (*Id.* at 24.) Other COPE records, the Magistrate Judge highlighted, explained that Plaintiff still suffered from hallucinations. (*Id.*) The Magistrate Judge also found that the ALJ "neglected to consider Eddinger's testimony that she continues to suffer hallucinations and . . . anxiety." (*Id.*) The Magistrate Judge further reasoned that the ALJ exaggerated Plaintiff's ability in saying she participated in group therapy, volunteered, and had been hired as a caretaker despite hearing voices. (*Id.* at 25–26.)

The Magistrate Judge ultimately decided that the ALJ's errors in considering the reports from Dr. Christensen, Dr. Rohen, and NP Budd were not harmless and warrant remand for further proceedings.

### III.  Defendant's Objections

The Commissioner objects to the Magistrate Judge's finding that the ALJ did not properly consider various medical opinions. (Doc. 22.)

First, the Commissioner argues that Dr. Christensen's report was not a "medical opinion" as defined by 20 C.F.R. §§ 416.913(a)(2)(i)(A)–(D). (*Id.* at 4.) Because Dr. Christensen prepared the report to examine whether Plaintiff was competent to stand trial, there was no particular standard under which the ALJ was required to assess Dr. Christensen's opinion for purposes of disability benefits. (*Id.*)

Second, the Commissioner argues that Plaintiff waived any argument about Dr. Rohen's 2009 opinion because Plaintiff did not challenge the ALJ's analysis of this opinion. (*Id.* at 5.) With regard to Dr. Rohen's 2020 opinions, the Commissioner asserts it was not

error to address the two opinions as a whole. (*Id.*) Furthermore, the Commissioner disagrees that the ALJ conflated supportability with consistency. (*Id.*) The Commissioner contends that "simply because the ALJ used the word 'supported'" does not mean the context did not address the consistency of Dr. Rohen's opinions. (*Id.* at 6.)

Third, the Commissioner disagrees that the ALJ did not consider the supportability of NP Budd's opinion because the ALJ "explicitly stated that NP Budd 'supported her opinion with narrative explanations and a report of clinical findings.'" (*Id.* (quoting AR 25).) The Commissioner also highlights that NP Budd herself suggested that her opinion may not be consistent because she "acknowledged in the opinion that with medication and therapy" some of Plaintiff's symptoms improved. (*Id.*)

### IV. Discussion

The Court must affirm the ALJ's decision if it is both supported by substantial evidence and free of legal error, *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020), and substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[,]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison, Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). It is not this Court but "[t]he ALJ [who] is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Thus, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Nonetheless, the ALJ must "'articulate . . . how persuasive' [he] finds 'all the medical opinions' from each doctor or other source . . . and 'explain how [he] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)).

The Court has reviewed the record, Report and Recommendation, and Objection, and agrees with the Magistrate Judge that remand for further proceedings is warranted.

**(a) Dr. Christensen**

The Court finds that Dr. Christensen's report was a medical opinion and should have been considered using both the supportability and consistency factors. "A medical opinion

is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities listed in paragraphs (a)(2)(i)(A) through (D) . . . ." 20 C.F.R. § 416.913(a)(2). The abilities referred to include:

> (A) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (B) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>
> (C) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> (D) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

*Id.* §§ 416.913(a)(2)(i)(A)–(D).

Although Dr. Christensen's report was prepared to assess whether Plaintiff was mentally competent to stand trial, the report clearly addressed Plaintiff's limitations with regard to the ability to perform mental demands including understanding, remembering, and concentration. Having decided that Dr. Christensen's report was a "medical opinion," the Court agrees with the Magistrate Judge that the ALJ did not articulate his findings as to the supportability of the opinion, and such failure was error.

**(b) Dr. Rohen**

Next, the Court finds that Plaintiff did not waive argument as to Dr. Rohen's 2009 report. Having reviewed Plaintiff's Opening Brief, she clearly highlights the report as one that outlined Plaintiff's limitations that are inconsistent with the ALJ's RFC finding. (Doc. 16 at 6.) Furthermore, although Plaintiff does not specify which of Dr. Rohen's three opinions she is referring to, she states that the ALJ's "reasons for discounting the opinions

of PMHNP Budd and Dr. Rohen are inadequate and include incorrect generalizations." (*Id.* at 11.) It is reasonable that one such opinion Plaintiff is referring to here is the 2009 report that the ALJ summarily discounted as too remote. The Court agrees with the Magistrate Judge that the ALJ should have considered both the consistency and supportability of the 2009 report before discounting it.

Furthermore, although it is not necessarily error to address Dr. Rohen's two later reports as a whole, the ALJ must nonetheless articulate his findings as to both supportability and consistency. The Court finds the ALJ considered both, despite his perhaps inexact use of the word "supported" in his consistency assessment. (Doc. 12-3 at 27.)

**(c) NP Budd**

Although this Court believes that the ALJ did address the supportability of NP Budd's opinion in saying, "Ms. Budd supported her opinion with narrative explanations and a report of clinical findings[,]" it agrees with the Magistrate Judge that the ALJ's consistency analysis is not supported by substantial evidence because it isolated certain information to the exclusion of other information in the COPE reports and did not consider Plaintiff's subjective testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)) ("[The court] must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence."). As the Magistrate Judge highlighted, "*Garrison* cautions that '[r]eports of "improvement" in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms.'" (Doc. 21 at 13 (quoting *Garrison*, 759 F.3d at 1017)).)

///
///
///
///

V.  **Conclusion**

**IT IS THEREFORE ORDERED:**

1. The Report and Recommendation is **ADOPTED**. (Doc. 21.)
2. The decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further proceedings in accordance with this Order.
3. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 9th day of February, 2024.

Honorable Raner C. Collins
Senior United States District Judge